# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
BRENDA FAULK,
on behalf of B.B., a minor

               Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

               Respondent.
* * * * * * * * * * * * * * * * * * *

No. 17-295V
Special Master Christian J. Moran

Filed: November 29, 2021

Stipulation; influenza ("flu") vaccine; acute disseminated encephalomyelitis ("ADEM"); neuromyelitis optica.

Isaiah R. Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On November 23, 2021, the parties filed a joint stipulation concerning the petition for compensation filed by Brenda Faulk on March 3, 2017. In her petition, petitioner alleged that the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), and which B.B. received on October 15, 2015, caused B.B. to suffer acute disseminated encephalomyelitis ("ADEM") and/or neuromyelitis optica. Petitioner represents that there has been no prior award or settlement of a civil action for damages on B.B.'s behalf as a result of her condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccine either caused or significantly aggravated B.B.'s alleged ADEM or neuromyelitis optica or any other injury or her current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $207,058.44, which amount represents compensation for first year life care expenses and pain and suffering, in the form of a check payable to petitioner as guardian(s) / conservator(s) of the estate of B.B. for the benefit of B.B. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian(s) / conservator(s) of B.B.'s estate.**

b. **A lump sum payment of $155,153.69, which amount represents reimbursement of a lien for services rendered on behalf of B.B., in the form of a check payable jointly to petitioner and Community Health Choice:**

> **Other Party Liability**
> **Attn: Kelly Gourley**
> **415 Chartiers Ave.**
> **Carnegie, PA 15106**
> **Agreement #: 531275013**

**Petitioner agrees to endorse this check to Community Health Choice.**

c. **A lump sum payment of $42,767.31, which amount represents reimbursement of a lien for services rendered on behalf of B.B., in the form of a check payable jointly to petitioner and TEXAS CHILDREN'S HEALTH PLAN CASUALTY RECOVERY UNIT:**

> **TEXAS CHILDREN'S HEALTH PLAN CASUALTY RECOVERY UNIT**
> **HMS P.O. Box 168747**
> **Irving Texas, 75016-8747**

Case Number: 107083

**Petitioner agrees to endorse this check to TEXAS CHILDREN'S HEALTH PLAN CASUALTY RECOVERY UNIT.**

d. **A lump sum payment of $3,524.99, which amount represents reimbursement of a lien for services rendered on behalf of B.B. by Amerigroup-Texas-HOU, in the form of a check payable jointly to petitioner and Optum Subrogation Services:**

      **Optum Subrogation Services**
      **L-3994**
      **Columbus, OH 43260-3994**
      **Tax ID: 41-1858498**
      **Optum File #: SN18051665**

**Petitioner agrees to endorse this check to Optum Subrogation Services.**

e. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

                                            s/Christian J. Moran
                                            Christian J. Moran
                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRENDA FAULK, on behalf of B.B., a minor, ) ) ) Petitioner, ) ) v. ) SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) ) Respondent. ) ) | No. 17-295V Special Master Moran ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, B.B., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to B.B.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. B.B. received her immunization on October 15, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that B.B. suffered from acute disseminated encephalomyelitis ("ADEM") and/or neuromyelitis optica as a result of receiving the vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of B.B. as a result of her condition.

6. Respondent denies that the vaccine caused or significantly aggravated B.B.'s alleged ADEM or neuromyelitis optica or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $207,058.44, which amount represents compensation for first year life care expenses and pain and suffering, in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of B.B. for the benefit of B.B. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian(s)/conservator(s) of B.B.'s estate;

b. A lump sum of $155,153.69,[1] which amount represents reimbursement of a lien for services rendered on behalf of B.B., in the form of a check payable jointly to petitioner and Community Health Choice:

> Other Party Liability
> Attn: Kelly Gourley
> 415 Chartiers Ave.
> Carnegie, PA 15106
> Agreement #: 531275013

Petitioner agrees to endorse this check to Community Health Choice.

c. A lump sum of $42,767.31,[2] which amount represents reimbursement of a lien for

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Texas Community Health Choice may have against any individual as a result of any Medicaid payments Community Health Choice has made to or on behalf of B.B. as a result of her alleged vaccine-related injury suffered on or about October 15, 2015, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Texas Children's Health Plan Casualty Recovery Unit may have against any individual as a result of any Medicaid payments Children's Health Plan has made to or on behalf of B.B. as a result of her alleged vaccine-related injury suffered on or about October 15, 2015, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

services rendered on behalf of B.B., in the form of a check payable jointly to petitioner and TEXAS CHILDREN'S HEALTH PLAN CASUALTY RECOVERY UNIT:

TEXAS CHILDREN'S HEALTH PLAN CASUALTY RECOVERY UNIT
HMS P.O. Box 168747
Irving Texas, 75016-8747
Case Number: 107083

Petitioner agrees to endorse this check to TEXAS CHILDREN'S HEALTH PLAN CASUALTY RECOVERY UNIT.

d.  A lump sum of $3,524.99,[3] which amount represents reimbursement of a lien for services rendered on behalf of B.B. by Amerigroup-Texas-HOU, in the form of a check payable jointly to petitioner and Optum Subrogation Services:

Optum Subrogation Services
L-3994
Columbus, OH 43260-3994
Tax ID: 41-1858498
Optum File #: SN18051665

Petitioner agrees to endorse this check to Optum Subrogation Services.

e. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9.  The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

---

[3] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action Amerigroup-Texas may have against any individual as a result of any Medicaid payments Amerigroup-Texas has made to or on behalf of B.B. as a result of her alleged vaccine-related injury suffered on or about October 15, 2015, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

3

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of B.B., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian(s)/conservator(s) of the estate of B.B. for the following items of compensation:

    a. For future unreimbursable Affordable Care Act Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,334.56 to be paid up to the anniversary of the date of judgment in year 2032, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    b. For future unreimbursable Affordable Care Act Maximum out of Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,000.00 to be paid up to the anniversary of the date of judgment in year 2071, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    c. For future unreimbursable Medicare Part B Deductible and Bactrim expenses, beginning on the anniversary of the date of judgment in year 2071, an annual amount of $366.80 to be paid for the remainder of B.B.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    d. For future unreimbursable Medigap G expenses, beginning on the anniversary of the date of judgment in year 2071, an annual amount of $1,710.96 to be paid for the remainder of B.B.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    e. For future unreimbursable Physical Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $150.00 to be paid up to the anniversary of the date of judgment in year 2025, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    f. For future unreimbursable Vitamin D3, Miralax, and Dulcolax Suppository expenses, beginning on the first anniversary of the date of judgment, an annual amount of $162.13 to be paid for the remainder of B.B.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    g. For future unreimbursable Incontinence Pad, Diaper Brief, Wipe, Glove, Sheet Protector, CHUX, Neurologist Mileage, Ultrasound of Kidneys Mileage, Physical Therapy Evaluation  Mileage, and Physical Therapy Mileage expenses, beginning on the

first anniversary of the date of judgment, an annual amount of $750.63 to be paid up to the anniversary of the date of judgment in year 2025.  Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $654.63 to be paid up to the anniversary of the date of judgment in year 2027.  Then, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $612.63 to be paid up to the anniversary of the date of judgment in year 2032.  Thereafter, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $557.81 to be paid for the remainder of B.B.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Shower Chair, Extra Wide Tennis Shoe, and Wheelchair Pack expenses, beginning on the first anniversary of the date of judgment, an annual amount of $106.02 to be paid for the remainder of B.B.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Power Wheelchair, Power Wheelchair Maintenance, Wheelchair Cover, and Portable Ramp expenses, on the anniversary of the date of judgment in year 2025, a lump sum of $2,433.00.  Thereafter, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $668.03 to be paid for the remainder of B.B.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,500.00 to be paid up to the anniversary of the date of judgment in year 2025.  Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $3,000.00 to be paid up to the anniversary of the date of judgment in year 2026, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k. For future unreimbursable Handicap home Modification Allowance expenses, on the anniversary of the date of judgment in year 2031, a lump sum of $4,500.00, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Wheelchair Lift expenses, on the anniversary of the date of judgment in year 2025, a lump sum of $1,880.00.  Thereafter, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $376.00 to be paid for the remainder of B.B.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment.  The petitioner will continue to

receive the annuity payments from the Life Insurance Company only so long as B.B. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of B.B.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of B.B. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of B.B.'s estate under the laws of the State of Texas. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian(s)/conservator(s) of B.B.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of B.B. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of B.B. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representatives of B.B., on behalf of herself, B.B., and B.B.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and

unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of B.B. resulting from, or alleged to have resulted from the vaccination administered on October 15, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about March 3, 2017, in the United States Court of Federal Claims as petition No. 17-295V.

18.  If B.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused or significantly aggravated B.B.'s alleged ADEM or neuromyelitis optica or any other injury or condition.

23.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of B.B.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Brenda Faulk*

BRENDA FAULK

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Isaiah Kalinowski*

ISAIAH KALINOWSKI
MAGLIO, CHRISTOPHER & TOALE
1015 15th Street, NW
Suite 1125
Washington, D.C. 20005
Tel: (888) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Dale P. Mishler, DHSc, MS, APRN, for

TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 11/23/21

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

Heather L Pearlman
by Alexes B Babcock

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

Mallori B Openchowski
by Alexes B Babcock

MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(Tel): 202-305-0660
mallori.b.openchowski@usdoj.gov