# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * *
BRENDA FAULK on behalf of         *
B.B., a minor,                    *
                                  *     No. 17-295V
           Petitioner,            *     Special Master Christian J. Moran
                                  *
v.                                *     Filed: December 19, 2023
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
           Respondent.            *
* * * * * * * * * * * * * * * * * * * * *
```

Anne C. Toale, Maglio Christopher and Toale, Sarasota, FL, for Petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED REVISED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Brenda Faulk's motion for final attorneys' fees and costs. She is awarded $134,628.29.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On March 3, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34 on behalf of her minor child B.B. The petition alleged that B.B. suffered acute disseminated encephalomyelitis and/or neuromyelitis optica following receipt of an influenza vaccination on October 15, 2015. Once respondent indicated that he was amenable to negotiating a resolution, the parties engaged in settlement discussions while petitioner periodically filed updated medical records. On November 23, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on November 29, 2021. 2021 WL 6054919.

On August 24, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $88,449.10 and attorneys' costs of $24,689.09 for a total request of $113,138.19. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs totaling $27,766.62 related to the prosecution of her case. Id. On September 6, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

A decision awarded petitioner $134,628.29. Decision, issued Nov. 21, 2023. However, petitioner proposed a different distribution of the proceeds. Pet'r's Mot. for Reconsid., filed Dec. 5, 2023. A status conference to discuss petitioner's revised proposal was held December 14, 2023, during which respondent did not interpose any objections.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested by petitioner for the work of her counsel at Maglio Christopher and Toale. Most of the attorney work was done by one of three attorneys – Ms. Anne Toale, who is currently undersigned counsel, Ms. Amber Wilson, and Mr. Isaiah Kalinowski. Ms. Diana Stadelnikas and Mr. Altom Maglio also provided a small amount of supporting work. The rates requested are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein for work performed in the instant case. See Stolec v. Sec'y of Health & Human Servs., No. 19-195V, 2023 WL 7222624, at *2 (Fed. Cl. Spec. Mstr. Sept. 13, 2023).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $88,449.10.

C.  Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $24,689.09 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, travel costs associated with an in-person meeting with petitioner, and work performed by petitioner's life care planner.

Most of the requested costs ($18,662.01) are attributable to the work of petitioner's life care planner at Life Care Consultants, Inc. This amount represents 160.3 hours billed at hourly rates of $110.00-$185.00 per hour. These rates are broadly within the range of what other life care planners have been awarded by the Vaccine Program and match what other special masters have found reasonable for the planners at Life Care Consultants. Borders v. Sec'y of Health & Human Servs., No. 19-535V, 2023 WL 3743559, at *4 (Fed. Cl. Spec. Mstr. May 31, 2023).

The number of hours billed, however, cannot be accepted as readily. Multiple entries are described as "Attorney Contact: Amber Wilson" or "Family Contact: Brenda Faulk." No information about the nature of the communication has been provided. Without any details, assessing the reasonableness of the activity is not possible. Fee invoices should contain more information. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In addition, a staff member billed more than 15 hours on tasks such as organizing exhibits. This work is clerical and should not be billed at all. To account for these problems, $2,000 is removed from the cost associated with the life care planning.

For the remaining costs, petitioner has provided adequate documentation supporting them and all are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $22,689.09.

D.  Petitioner's Costs

Pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $27,766.62 related to the prosecution of her

petition. This amount is related to work performed by her guardianship attorney and costs related to the guardianship broken down as follows - $15,278.62 in attorneys' fees and costs, $6,104.00 in future attorneys' fees and costs for maintenance of the guardianship, $3,884.00 for a security bond, and $2,500.00 for an attorney-ad-litem fee. Exhibit 28 at 3.

The evidence supporting these expenses is lacking. To start, petitioner has not presented persuasive evidence that guardianship counsel, Mr. John Henry, III, charged at a reasonable hourly rate. Given that Mr. Henry has charged a relatively high hourly rate ($440.00) some persuasive support should have been provided. Moreover, the number of hours is not reasonable. Every billing entry between 8/20/21 (when the case started) and 4/29/22 is billed for at least 18 minutes (0.3 hours). Based on the undersigned's experience, it is extremely unlikely that all billing entries, especially those for e-mails and phone calls, would take a minimum of 18 minutes. This supposition is supported by the billing entries themselves. For example, on 2/28/22, Mr. Henry's billing entry indicates he spent 4 minutes and 1 second on a phone call to petitioner about "needed information and documents" yet this entry was billed for 18 minutes. Exhibit 28 at 8. That same day, Mr. Henry billed an additional 18 *minutes* on a phone call with a duration of 18 *seconds*. Id. at 7. Another example of excessive billing is charging the usual hourly rate for traveling. See id. at 19 (Aug. 3, 2022). Thus, the undersigned cannot accept Mr. Henry's charges for incurred services as reasonable based upon the evidence presented.[2]

The concerns about Mr. Henry's billing extend to charges for future work as well. Mr. Henry represented that an attorney would be required to submit two annual accountings and proposed charging a total of $6,104 for this work. Exhibit 28 at 1, 28-29. However, Mr. Henry did not estimate the number of hours this work would entail. Therefore, the reasonableness of this proposed work cannot be assessed.

Under these circumstances, the undersigned will attempt to achieve "rough justice." Fox v. Vice, 563 U.S. 836, 838 (2011). An award of $23,490.10 is a reasonable amount for Mr. Henry's past and future work. This is a deduction of $4,276.52.

---

[2] Another concern is that petitioner has represented that she incurred a cost of $2,500 for the work of an attorney who served as attorney ad litem. Exhibit 28 at 1. However, the Probate Court order specifies that the amount is "payable from the Department of Justice." Id. at 23. Thus, it is not entirely clear that petitioner has borne the cost of serves for the attorney ad litem.

As part of the motion for reconsideration, petitioner established that Mr. Henry has accepted the reduction in billing. Exhibit 33. Thus, Mr. Henry may not seek additional compensation from petitioner.

E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned the following:

1) **$111,138.19** (representing $88,449.10 in attorneys' fees and $22,689.09 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Anne Toale;

2) **$17,106.10**, representing reimbursement for Mr. Henry's past and future guardianship work in the form of a check payable to petitioner and petitioner's counsel, Mr. John B. Henry, III; .

3) **$2,500**, representing reimbursement for Ms. Teresa Scardino's work as attorney-ad-litem in the form of a check payable to petitioner and Teresa Scardino; and

4) **$3884**, representing reimbursement for a security bond as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.